Justice Stevens,
concurring.
It would be irresponsible to attempt to distinguish National Socialist Party of America v. Skokie, 432 U. S. 43 (1977), on the basis of any difference in the content of the speech involved in that case and the content of the speech involved in this. It is entirely proper, however, to draw a distinction between injunctive relief imposing time, place, and manner restrictions upon a class of persons who have persistently and repeatedly engaged in unlawful conduct, on the one hand, cf. National Society of Professional Engineers v. United States, 435 U. S. 679, 697-698 (1978); United States v. Paradise, 480 U. S. 149, 193 (1987) (Stevens, J., concurring in judgment), and an injunction that constitutes a naked prior restraint against a proposed march by a group that did not have a similar history of illegal conduct in the jurisdiction where the march was scheduled. Cf. Organization for a Better Austin v. Keefe, 402 U. S. 415, 419-420 (1971); Shuttlesworth v. Birmingham, 394 U. S. 147, 162-163 (1969) (Harlan, J., concurring). I would not extend the holding in the Skokie case to this quite different situation. For that reason, I think the Court correctly exercises its discretion to deny the application for extraordinary relief in this case.